### RAYMOND v. ASHLEY et al.   (No. 2287.)

(Court of Civil Appeals of Texas. Texarkana. June 3, 1920.)

**Landlord and tenant ⚖=321—Contract held not to charge greater rent than allowed by law.**

Where plaintiffs rented land to defendant, and were to furnish animals, feed, and everything necessary, except labor, and were to receive as rent one-half of all the crops, and agreed to feed one team of defendant's horses, and defendant was to let plaintiffs have the use of such team during the year for their feed, and plaintiffs turned the team over to defendant to be used by him in cultivation of the crop, it was not the intention of the parties that the value of the use of team above cost of feed should form and be a part of the rents and the contract was not void as charging rent greater than that allowed by law.

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Action by H. T. Ashley and others against W. M. Raymond. Judgment for plaintiffs, and defendant appeals. Affirmed.

Travis T. Thompson, of Clarksville, for appellant.

Chambers & Dodd, of Clarksville, for appellees.

LEVY, J. Appellees as landlords sued the appellant, a tenant, to recover rents for a farm and on an account due for the year 1919. Appellant answered by a general denial, and specially pleaded that the rental contract sued on was void, because it charged a greater amount of rent than allowed by law, and by a cross-action sought affirmative relief. The case was tried before the court, and a judgment was entered for the plaintiffs.

The court made the findings of fact that the plaintiffs rented 40 acres of land to the defendant about January, 1919, upon the terms that they were to furnish the land, animals to work the land, feed for the animals, and all of the tools necessary for the cultivation of the land, and that the defendant was to furnish all labor necessary to make, gather, and market the crops grown on the land, the plaintiffs to receive as rent one-half of all the crops grown thereon; that plaintiffs furnished everything necessary for the proper cultivation of the whole 40 acres, except the labor; that defendant worked only 30 of the 40 acres, and failed to work 10 acres thereof; that—

"about the time the said rental contract was made the defendant purchased a horse from Dr. Thomason. I find that plaintiffs and defendant made a special arrangement by which plaintiffs agreed to feed one pair of the defendant's horses—the pair of horses being the horse purchased from Dr. Thomason and a brown mare—and the defendant was to let plaintiffs have the use of said team during the year for their feed. I find that the plaintiffs turned this team of horses over to defendant, to be used by him in the cultivation of his crop. I find that plaintiffs furnished ample feed for said team from the time of this special arrangement until the 26th day of July, at which time plaintiffs and defendant had a disagreement about the further use of said team."

The appellant insists that he should have a judgment in his favor on the facts found by the court, upon the ground that there appears a greater rental charge than the law authorizes. The point is that the special arrangement by which the appellees were to feed a team belonging to the appellant for its use constituted a part of the rental contract. It was not the intention of the parties, and the court does not so find, that the value of the use of the team above the cost of their feed should form and be a part of the rents; and there is nothing in the facts indicating that more than one-half of the crops was charged or agreed to as rents. We conclude the assignment should be overruled.

The second assignment does not present error, and it is overruled.

The judgment is affirmed.